## ANDERSON et al, v. FIDELITY UNION CASUALTY CO.

### No. 1937.

Court of Civil Appeals of Texas. Beaumont. March 20, 1930.

Crook, Lefler, Cunningham & Murphy, of Beaumont, for appellants.

C. W. Wiedemann, of Beaumont, for appellee.

O'QUINN, J.

This suit originated in justice court, precinct No. 1, Jefferson county. The Fidelity Union Casualty Company brought the suit against Paul C. Anderson and Mentree Hillman, as partners doing business under the firm name of Anderson & Hillman. The cause of action asserted was based upon a collision between a truck belonging to defendant, Paul C. Anderson, and an automobile belonging to Mrs. J. F. Pittman. The plaintiff had insured Mrs. Pittman's car against damage caused by collisions and alleged that she had assigned to it her claim for damages growing out of the collision. The suit was for $168.15, interest, and costs. Defendants answered by general demurrer and general denial. The case was tried to the court and judgment rendered for plaintiff for the amount sued for against defendant, Paul C. Anderson. The court found that Hillman was in no manner connected with Anderson in business and dismissed the suit as to him. Anderson appealed to the county court at law of Jefferson county. Judgment was rendered in the county court at law for plaintiff against Anderson for the full amount sued for, to which judgment he excepted and gave notice of appeal, and the case is before us for review.

When judgment was rendered in the county court at law against Anderson, he duly requested the court to file his findings of fact and conclusions of law. The court failed to make and file his findings of fact and conclusions of law, to which Anderson excepted and preserved his bill, which is approved by the court without any qualifications.

The only question is, Shall the judgment be reversed because the court failed to make and file his findings of fact and conclusions of law, as requested? It is the duty of the court, when duly requested, under article 2208, Rev. St. 1925, to make and file his findings of fact and conclusions of law. The nature of the suit, as disclosed by plaintiff's petition, was one that might be closely contested on the facts. Appellant denied in toto plaintiff's right to recover and the right of plaintiff to recover would depend entirely upon the facts proved. The right of appellant to have, on appeal, the findings of fact made by the trial court in a case tried before him without a jury is a substantial right, and when the court fails to make and file such findings and error is assigned against such failure, in the absence of a showing that no harm resulted to appellant, the judgment must be reversed. In the instant case there is no statement of facts in the record. Nothing appearing to show that appellant suffered no injury by the court's failure to make and file his findings, the judgment must be reversed and remanded. Article 2208, Rev. Civ. St. 1925; Robison v. Galloway (Tex. Civ. App.) 278 S. W. 282; United States Fidelity & Guaranty Co. v. Lloyd (Tex. Civ. App.) 278 S. W. 282; Gordon, Sewall & Co. v. Pacific-Carribean-Gulf Line (Tex. Civ. App.) 2 S.W. (2d) 542.

The judgment is reversed, and the cause remanded.